## Ex parte Farnham.

A writ of *habeas corpus* will not issue to enable this court to review a judgment that is merely irregular or erroneous. Where a conviction is wholly void, a prisoner may be released on *habeas corpus*, under Sec. 1325, Gen. Laws.

| 3 | 545 |
|---|---|
| 6 | 148 |
| 3 | 545 |
| 13 | 372 |
| 3 | 545 |
| 18 | 528 |
| 3 | 545 |
| 29 | 445 |
| 3 | 545 |
| 37 | 115 |

Petition for *habeas corpus*. The case is sufficiently stated in the opinion.

Mr. C. S. EYSTER, and Mr. THOMAS MACON, for the relator.

THATCHER, C. J. The judgment of the court was pronounced in due form of law. The warrant of commitment, we must presume, in the silence of the petition, is regular on its face. The error upon which the relator relies concerns the action of the court, in receiving the verdict. If, as alleged in the petition, the verdict was received, and the jury discharged during the enforced absence of the relator, in jail, we entertain no doubt that the court erred in thereafter pronouncing judgment upon the verdict, and that by writ of error, if the error complained of is apparent of record, the judgment would be reversed. Such was the decision of the Territorial supreme court, in *Green* v. *The People*, 3 Col., at the February term, 1876. The action of the court below in the premises was a radical departure from the well-established mode of procedure, when the defendant is on trial for a felony. It is an error of which the relator may avail himself in the manner prescribed by law. There was, however, no jurisdictional defect in the court. Under the constitution and the laws, the court is clothed with complete authority to pronounce the very sentence from the effect of which the relator now seeks to be relieved.

A writ of *habeas corpus* will not issue to enable this court to review a judgment that is merely irregular or erroneous. In the case before us the sole ground of complaint is in no sense *jurisdictional*. The subject of complaint is an irregularity only. Hurd on Habeas Corpus, p. 328, illustrating the distinction between the sentence of a court void for *illegality*, in which case a writ of *habeas corpus* will lie, and the sentence or judgment of a court, erroneous by reason of any *irregular* proceeding preliminary to the judgment, in which case the writ will not lie, says: "It would be *irregular* to sentence a man to imprisonment in his absence where the absence was occasioned by the order

of the court pronouncing the sentence. It would be *illegal* to sentence him to *imprisonment* for a crime which was punishable by a pecuniary fine only."

We are not permitted to review and, in effect, nullify in this collateral proceeding an erroneous judgment of a court, having authority to pronounce the same, and thus to assign to the writ of *habeas corpus* the office of a writ of error, whose distinctive functions are quite well defined. *In re Gaylord Blair*, 4 Wis. 523 ; *Petition of Crandall*, 34 id. 179 ; *Ex parte Kellogg*, 6 Vt. 511 ; *People* v. *Cassels*, 5 Hill, 167 ; *Commonwealth ex rel.* v. *Keeper of Jail, etc.*, 26 Penn. 279 ; *Passmore Williamson's Case*, 2 Casey, 9.

But counsel for the relator contend that.as sec. 1325, General Laws, provides, *inter alia*, that where the relator is in custody by virtue of process from any court legally constituted, he may be discharged "where there is no general law, nor any judgment, order or decree of a court to authorize the process, if in a civil suit, *nor any conviction if in a criminal proceeding*," that it is incumbent on us to issue the writ on the ground that there has been no conviction. The distinction to which we have before adverted between a conviction that is absolutely void and a conviction that may be reversed for errors committed at the trial, must be kept in mind. It is only where there has been no conviction, or, what is the same thing, a conviction that is wholly void, and not where there has been an erroneous conviction before a competent tribunal, that the prisoner may be released on *habeas corpus* under the section just quoted. The court below did not encroach upon a jurisdiction that did not belong to it. In failing to administer justice in conformity with salutary prescribed methods, it committed error, but the judgment of the court is and will continue to be in full force and effect, until reversed by a court of review. The writ must be denied.

*Writ denied.*