The People ex rel. Burchinell v. The District Court of Arapahoe County et al.

1. Certiorari.

The inquiry upon *certiorari* is limited to whether the court below exceeded its jurisdiction or greatly abused its discretion.

2. Collateral Attack.

The validity of a judgment cannot be assailed on *habeas corpus* by evidence showing that a defense existed which, if pleaded, would have defeated the recovery.

3. Habeas Corpus.

The writ of *habeas corpus* cannot be made use of as a writ of error.

4. Judgments—Collateral Attack.

As a rule, the judgment of a court of general jurisdiction is not void unless it appears from the record itself that the court in pronouncing that particular judgment acted without, or in excess of, its jurisdiction.

*Original Proceeding—Certiorari.*

From the record certified to us it appears that on July 3, 1895, W. V. Kaufman filed in the district court of Arapahoe county his petition for a writ of *habeas corpus*, wherein it is alleged that he was unjustly and unlawfully detained and imprisoned by the sheriff of Arapahoe county in the common jail at Denver, by virtue of an alleged warrant or execution against the body, which warrant or execution is in words and figures following:

"State of Colorado } ss.
"County of Arapahoe. }

"IN THE COUNTY COURT.

"*The People of the State of Colorado to the Sheriff of Arapahoe County, Greeting:*

"Whereas at the May term, A. D., 1895 of the county court of Arapahoe county, Colorado, to wit, on the 19th day

of June, A. D., 1895, I. Rothschilds and J. H. Woolf, doing business as I. Rothschilds & Co., plaintiffs, recovered a judgment against W. V. Kaufman and F. H. Murray, doing business as Kaufman & Murray, defendants, for the sum of four hundred and seventy eight dollars and seventy-nine cents ($478.79) damage by the plaintiffs in that behalf sustained and also the further sum of eight dollars and twenty-five cents ($8.25) which was adjudged to said plaintiffs for their costs and charges in that behalf expended together with interest on said judgment from the date of the recovery thereof until the same is paid at the rate of eight per cent. per annum ; and

" Whereas, it was found by our said court that said action was founded upon a tort and that the defendants in committing the tort complained of were guilty of fraud and wilful deceit and it was then and there adjudged and ordered that said defendants, W. V. Kaufman and F. H. Murray, be committed to and confined in the common jail of Arapahoe county for the term of thirty (30) days on writ of execution against their bodies.

" These are therefore to command you that you take the said W. V. Kaufman and F. H. Murray, the defendants, if they may be found in your county, and them safely keep in the common jail of Arapahoe county for the term of thirty days so that during the whole of said term you have their bodies in accordance with the terms of said judgment unless said judgment be sooner paid as hereon endorsed. And have you this writ with you returned endorsed thereon in what manner you shall have executed the same in ninety (90) days from the date hereof.

" Witness Elias J. Dunlevy, clerk of said court and the seal thereof at Denver in said county this 24th day of June, 1895.

                              " Elias J. Dunlevy, Clerk.
" By Mrs. E. Gartland, Deputy."

That the illegality of said imprisonment consists in this,

to wit, that said judgment of the 19th of June, 1895, was wholly illegal and void for the reason that a judgment for the same amount, for the same item and for the same cause of action had theretofore been rendered in the same court by the same judge, on June 5, 1895. That there is no sufficient allegation in the complaint, summons or finding of the court of any tort, fraud or willful deceit, to authorize the execution against the body, under and by virtue of the laws of Colorado. That the summons served in the action was delivered by petitioner to his attorney, for the purpose of having his defense prepared and presented to the court, but that in fact no answer was filed in the action. The writ was issued as prayed for, directed to the sheriff, returnable forthwith. On July 5, 1895, respondent filed his motion to quash the writ for various reasons, which was overruled. On July 9, 1895, the respondent filed his return, wherein, *inter alia*, he alleged that he held the petitioner under and by virtue and in pursuance of a writ duly issued out of the county court of Arapahoe county, a true copy of which was set forth in the petition. That the same was issued upon a judgment duly rendered by the county court in an action brought by I. Rothschilds & Co. against W. V. Kaufman and one F. H. Murray, as copartners under the firm name of Kaufman & Murray; that the amount claimed in said action did not exceed the sum of $2,000; that due and legal service of summons was had. To this return an answer was filed, averring that the warrant was based upon an illegal judgment, for the reasons set forth in the petition; second, because the process, although in proper form, was issued in a form and under circumstances in which the law does not allow process or orders for imprisonment for the reason that said judgment is based upon a cause of action founded on a contract and not upon tort. The cause coming on to be heard upon this petition, return and answer, the court discharged the petitioner and entered judgment against respondent for costs.

Mr. J. N. BAXTER and Mr. J. C. FITNAM, for relator.

Mr. GEORGE SIMMONDS, for respondents.

MR. JUSTICE GODDARD delivered the opinion of the court.

Upon this review we are limited to the inquiry whether the district court exceeded its jurisdiction or greatly abused its discretion in the matter of the discharge of petitioner Kaufman, or whether it regularly pursued the authority conferred by the *habeas corpus* act.  Secs. 297 and 303, Code of Civil Procedure, 1887.  And these questions are to be determined from an inspection of the record as certified, containing the petition for the writ, the return of the sheriff and the answer of petitioner thereto.  In conformity with the requirements of the act, the application presented to the court below sets forth the facts concerning the imprisonment of petitioner, and wherein the supposed illegality of such imprisonment consists; and it therefrom appears that the restraint complained of was by virtue of a judicial writ issued by the county court of Arapahoe county upon a judgment rendered in an action whereof that court had jurisdiction, both as to the subject-matter and the person of the defendant, and one that that court was authorized to render by virtue of the provisions of sections 2164 and 2165, Mills' An. Stats.

It thus appearing that the petitioner was in custody by virtue of process issued from a court legally constituted, the court below, by the express provisions of the *habeas corpus* act, was precluded from inquiring into the justice or legality of the judgment upon which such process was issued, except to ascertain if the court had exceeded its jurisdiction as to matter, place, sum or person, and whether the process, though in proper form, had been issued in a case or under circumstances where the law does not allow process for imprisonment to issue.  We are unable to perceive how the court below could ascertain either of the above conditions in the absence of the record of the proceedings of the county court.  From aught that appears from the petition, return

and answer, the county court had in no manner exceeded its jurisdiction in rendering the judgment complained of, either as to place, sum or person. The subject-matter of the suit, the amount involved, and the nature of the judgment rendered were clearly within its jurisdiction, and it was authorized by law to issue process of imprisonment in a case of the character of the one in which the judgment was rendered. But it is insisted that although the county court had jurisdiction of the subject-matter and the person of petitioner and the authority to render a judgment of such a character in a proper case, that it had no authority to render the particular judgment in question, because of the alleged fact that the cause of action upon which it was rendered had been merged in a prior judgment; and, furthermore, that the allegations of the complaint and the findings of the court were insufficient to sustain the judgment and authorize an execution against the body; the argument being that a former recovery upon the same cause of action, *ipso facto*, deprived the court of jurisdiction to render a second judgment, and that the court below had authority, on the *habeas corpus* proceeding, to ascertain, *aliunde* the record in the case, whether or not the judgment complained of was rendered upon the same cause of action adjudicated in a former action, and, if so found, to adjudge the action of the county court in the latter suit to be *coram non judice*, and the second judgment absolutely void.

We think there are several reasons why such a procedure in *habeas corpus* cannot be tolerated, or such a practice permitted. The mere fact that a former recovery has been had upon the same cause of action sued on does not, *ipso facto*, deprive the court of power to render a judgment thereon in a second action. But, in order to defeat a second recovery thereon, the former judgment must be properly pleaded as a defense, or under some appropriate pleading be brought to the attention of the court upon the trial, and unless so availed of the party is presumed to have waived the benefit

of it.   Black on Judgments, sec. 783 ; *In re Allison*, 13 Colo. 525 ; *Ex parte Kellogg*, 6 Vt. 509.

Therefore, since it appears that the petitioner made default in the second action, and the former recovery was in no way brought to the attention of the trial court, the judgment complained of is not now open to collateral attack upon the ground that the cause of action upon which it was rendered had theretofore been merged in a former judgment.   In other words, its validity cannot be assailed on *habeas corpus* by evidence showing that a certain defense existed which, if pleaded, would have defeated the recovery.   *Ex parte Gill*, 7 East, 376.

A further answer to the contention of counsel is found in the fact that the writ of *habeas corpus* cannot be used as a writ of error, nor will one court review the proceedings of another court of concurrent jurisdiction in that manner. And, certainly, if errors apparent upon the record cannot be thus reviewed, it would clearly be an unwarranted assumption of power for a court in *habeas corpus* proceedings to determine that by reason of some fact *de hors* the record, the judgment complained of was improperly rendered.   As a rule, the judgment of a court of general jurisdiction is not void unless it appears from the record itself that the court in pronouncing that particular judgment acted without, or in excess of, its jurisdiction.   *G. W. M. Co. v. W. of A. M. Co.*, 14 Colo. 103.

It is further contended in behalf of respondent that the allegations of the complaint were insufficient to sustain the judgment rendered against the petitioner in the second action. How that was made to appear is not evident from this record, but conceding that the complaint was defective, that question was not for the consideration of the court below.   It being unquestioned that the county court had jurisdiction of the class of cases in which, upon proper averment and proof, a judgment of the character of the one complained of might be rendered, and it having decided that the complaint was sufficient to sustain the judgment, its ruling, however erro-

neous, was not reviewable on *habeas corpus*. *In re Coy*, 127 U. S. 731; *Ex parte Tobias Watkins*, 3 Peters, 193; *Ex parte Yarbrough*, 110 U. S. 651.

In the latter case the court, in emphasizing the doctrine that the writ of *habeas corpus* could not be converted into a writ of error, used the following language:

"It is, however, to be carefully observed that this latter principle does not authorize the court to convert the writ of *habeas corpus* into a writ of error, by which the errors of law committed by the court that passed the sentence can be reviewed here; for if that court had jurisdiction of the party and of the offense for which he was tried, and has not exceeded its powers in the sentence which it pronounced, this court can inquire no further. * * *

"Whether the indictment sets forth in comprehensive terms the offense which the statute describes and forbids, and for which it prescribes a punishment, is in every case a question of law, which must necessarily be decided by the court in which the case originates, and is therefore clearly within its jurisdiction. Its decision on the conformity of the indictment to the provisions of the statute may be erroneous, but if so it is an error of law made by a court acting within its jurisdiction, which could be corrected on a writ of error, * * * but which cannot be looked into on a writ of *habeas corpus* limited to an inquiry into the existence of jurisdiction on the part of that court."

From the application for the writ of *habeas corpus* and the return thereto, it appeared that petitioner was restrained of his liberty under a process in proper form, issued in a case where the law allows process for imprisonment to issue, by a court legally constituted and upon a judgment valid upon its face, and attempted to be impeached only by the averment of facts *de hors* the record, and not cognizable by the court on *habeas corpus*. Upon this showing the court below was not authorized to interfere with the custody of petitioner, and in discharging him it exceeded it jurisdiction.

For this reason its judgment will be annulled, and it is so ordered.