[No. 4468.]

## In re Application of Mahany for Writ of Habeas Corpus.

1. Habeas Corpus—Jurisdiction.

In habeas corpus proceedings in the supreme court only jurisdictional questions can be reviewed no matter how the facts are presented or what the stage of the proceedings out of which the application grew.

2. Same—Former Jeopardy—Manslaughter.

Where a defendant was tried on the charge of murder and the jury returned a verdict of guilty of "manslaughter" which was received by the court and the defendant announced that he was ready to receive sentence, and suffer the punishment to be imposed under the verdict as for the crime of involuntary manslaughter and the court declined to pass sentence, and over the objection of defendant set the verdict aside and ordered that a new trial be had, whereupon defendant moved that he be discharged from further custody for the crime charged for the reason that he had been placed in jeopardy for each grade of the offense

stated in the information, which motion was denied, and defendant re
manded to jail to await another trial, the supreme court will not issue a
writ of habeas corpus to discharge the defendant, since the district
court had jurisdiction of the person of defendant and of the offense
with which he was charged, and whether or not the court erred cannot
be reviewed on habeas corpus.

*Original proceeding on application for writ of habeas
corpus.*

Messrs. BROWN & NOURSE for petitioner.

Mr. C. C. POST, attorney general, *per contra.*

*Per Curiam.*—Petitioner is confined in the county
jail at Gunnison, awaiting trial on a charge of mur-
der.   He claims to be illegally restrained of his lib-
erty by the sheriff of that county.   To test this ques-
tion he has applied for a writ of habeas corpus, basing
his application on the following facts stated in his
petition:

At the September term last of the district court of
Gunnison county he was tried for the offense charged,
and a verdict rendered as follows, after entitling the
cause:   "We, the jury in the above entitled cause, do
find the defendant guilty of manslaughter and do
recommend him to the mercy of the court."   This
verdict was received and the jury discharged from
the further consideration of the case.   Thereafter
the petitioner announced in open court that he was
ready to receive sentence and suffer the punishment
to be imposed under the verdict as for the crime of
involuntary manslaughter.   The court declined to
pass sentence, and over the objection of petitioner,
ordered that the verdict be set aside, and a new tria

had. Thereupon petitioner moved the court that he be discharged from further custody for the crime charged, for the reason that he had been put upon his trial and had once been placed in jeopardy for each grade of the offense stated in the information. This motion was denied, and petitioner remanded to the county jail, to await another trial.

On these facts, which are not controverted, counsel for petitioner claim that he has once been in jeopardy for the offense for which he is now awaiting trial, and therefore cannot be tried again therefor. The attorney general opposes the application, and as one of the reasons why the writ should not issue, contends that the question of former jeopardy cannot be raised in habeas corpus proceedings. Counsel for petitioner recognize at the outset that if the facts upon which the application is based do not appear from the record of the proceedings of the trial court in the case, the plea of former jeopardy should be submitted to the latter tribunal for determination; but where, as in this instance, all the facts are admitted or shown by the record, they contend he is entitled to a release upon a writ of habeas corpus. In support of this proposition they urge that in such cirstances where petitioner has already moved the trial court for a discharge, upon the ground now urged in support of his application, he should not be subjected to another trial or the formality of submitting to a jury undisputed questions of fact, the force and effect of which are entirely a question of law. These matters do not change the rule with respect to questions which can be inquired into on applications of this character. It has uniformly been held by this court, that in habeas corpus proceedings only jurisdictional questions can be reviewed.

*In re Packer*, 18 Colo. 525; *Ex parte Farnham*, 3 Colo. 545; *The People ex rel. v. District Court*, 22 Colo. 422; *In re Tyson*, 21 Colo. 78.

It is immaterial, therefore, how the facts are presented, or what the stage of the proceedings may be out of which the application grew, for the question upon which the right to the writ depends remains the same.

Jurisdiction of a court is the power to hear and determine the particular questions in the case involved. If, having jurisdiction, it simply commits errors in the determination of such questions which are not in excess of its legitimate powers, that does not affect its jurisdiction; so, in this instance, the vital question is, whether or not the trial court had jurisdiction of the questions involved in the case, or has exceeded its jurisdiction in any of the particulars mentioned in the petition for the writ of habeas corpus. It certainly had jurisdiction of the person of petitioner, and of the offense with which he is charged; was vested with authority to receive the verdict returned, and discharge the jury; had jurisdiction to determine what judgment, if any, could be pronounced upon the verdict, set it aside, and finally, determine the question presented by the motion of petitioner to be discharged, under the facts upon which he based his claim that he had once been in jeopardy, and whether or not he should be re-tried. In passing upon these various questions, the court may have erred. However that may be, it had the jurisdiction to determine them, but whether right or wrong, cannot be determined in this proceeding. Otherwise the writ of habeas corpus would be converted into a writ of error. While habeas corpus is the proper remedy for unlawful imprisonment, an imprisonment is not un-

lawful in the sense that this remedy is applicable be-cause the proceedings or order under which the party invoking it is held, are merely erroneous.

*Ex parte Bigelow*, 113 U. S. 328; *Ex parte Hart-man*, 44 Cal. 32; *Ex parte McCullough*, 35 Cal. 97; *Ex parte Granice*, 51 Cal. 375; *State ex rel. v. Sheriff*, 24 Minn. 87. *Ex parte Ruthven*, 17 Mo. 541; *Wright v. State*, 5 Ind. 290; *Wright v. State*, 7 Ind. 324; Church's Habeas Corpus, § 255.

The case is not different from what it would be had the petitioner again been tried, and at such trial had interposed a plea of former jeopardy based upon the facts which he states in his petition for the writ of habeas corpus, which had been refused or held insufficient by the trial court. In such case the ques-tion of whether the plea was good or bad could only be determined on error. The fact that the plea was good, although rejected, would not render his impris-onment unlawful on a verdict of guilty, so as to per-mit that question to be raised on habeas corpus, for the reason that the trial court would have jurisdiction to determine its sufficiency.

The writ is denied and proceeding dismissed.