## No. 14,546

IN RE THOMPSON.

THOMPSON *v.* GUTHNER, MANAGER OF SAFETY.

(89 P. [2d] 538)

Decided April 3, 1939.

Mr. Benjamin C. Hilliard, Jr., Mr. George A. Trout, Mr. Bart W. O'Hara, for plaintiff in error.

Mr. Fred S. Caldwell, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as Thompson, defendant in error as the sheriff, the City and County of Denver as the county, and one Annabelle E. Ward, as Ward.

Ward procured a money judgment against Thompson with body execution. Thereunder the sheriff holds Thompson. The latter brought habeas corpus in division 7 of the Denver district court. The sheriff demurred to the writ for want of jurisdiction and want of facts. The demurrer was sustained and, to review the judgment entered accordingly, this writ is prosecuted. The five assignments simply present the question of the correctness of the court's conclusion on the law governing the two propositions raised by the demurrer.

Ward's judgment was for $12,500. The validity of the body execution is not here questioned, but the record before us does not disclose its basis. The statute, section 74, chapter 93, '35 C. S. A., authorizes it when the action is in tort, the plaintiff recovers, and the court finds that in committing such tort the defendant was "guilty of either malice, fraud, wilful deceit or negligence consisting of a reckless or wilful disregard of the rights or

safety of others.'' The term of imprisonment which rests in the discretion of the court up to a maximum of one year must be stated in the execution and mittimus, and the defendant released on payment of the judgment. Section 75, id. Imprisonment is at the costs of plaintiff, unless the latter present to the sheriff his affidavit ''that he is a poor person, and not able to pay the costs of such imprisonment.'' The body of defendant can be so taken once only, but the imprisonment does not discharge the debt. Section 76, id. The term here fixed was the maximum.

 Ward filed the statutory affidavit with the sheriff, alleging ''that she is a poor person and not able to pay the costs of such imprisonment.'' Hence Thompson is in jail at the county's expense. His petition for the writ recites that he is illegally imprisoned because Ward's affidavit ''was and is false, that in fact the said Annabelle E. Ward was not at the time of making said affidavit and is not now a poor person, and was then and is now the owner of property of a value in excess of $2500 and otherwise has and possesses means which enable her to pay the costs, charges and expenses of the imprisonment of the petitioner under said execution.'' The trial judge held the question thus presented ''purely a collateral matter,'' and that ''so far as the petitioner is concerned, it is immaterial to him who pays his board while he is so confined.'' Section 3, chapter 77, '35 C. S. A. provides that if it appear, at the hearing on return of the writ, ''that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes: * * * Sixth—Where the process appears to have been obtained by false pretense * * *;'' and Thompson says ''he was confined under process obtained by false pretense.'' We do not find this identical question heretofore raised in this or any other jurisdiction. The weakness of Thompson's position, assuming the falsity of the affidavit, is this: It had nothing to do with obtaining process. It came after

process and relates solely to the payment of Thompson's board. Again, in proceedings of this nature, matters outside the record cannot be considered. *Foulke v. People, ex rel.* 4 Colo. App. 519, 36 Pac. 640; *People ex rel. v. District Court,* 22 Colo. 422, 45 Pac. 402. The mere filing of the affidavit with the sheriff satisfies the statute. No authority is given him to hold a hearing and no discretion to pass upon the truth of the fact alleged. If its truth can be questioned it must be elsewhere. The officer cannot refuse to act. Where petitioner is held under process he can only be discharged by virtue of some of the specifications of said section 3, supra. The only one which it is here contended is applicable is the sixth. In that contention, as above observed, Thompson is in error.

█ The trial judge was right. Thompson's transgression must have been serious. Otherwise the maximum imprisonment would not have been imposed. We must assume, on the record, that he is where he belongs. He is not wronged because the county pays his board. That is a question between the county and Ward. If it be raised in a proper proceeding between them, and Ward be found able to pay, the county can recover. If Ward refuses to pay further the county can discharge Thompson. If the affidavit be found wilfully false Ward can be prosecuted for perjury. If it be found erroneous only, because of some misconception, Ward can still pay and Thompson will still be in jail.

█ The question of jurisdiction raised by the demurrer relates to the correct forum, i. e., the particular division of the district court in which application for the writ should be made. It is argued but there is no record to support the argument. In any event it now becomes immaterial.

The judgment is affirmed

MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.