No. 16,140.

HART *v.* BEST, WARDEN OF THE STATE PENITENTIARY.
(205 P. [2d] 787)

Decided April 18, 1949.

Mr. MERRITT D. VONDY, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. FRANK A. WACHOB, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

MANUEL ROBERT HART filed his petition in the district court of Fremont county, seeking a writ of habeas corpus to obtain his discharge from the Colorado State Penitentiary, naming as respondent in his petition Roy Best

as warden. The warden made his return to the writ, to which petitioner filed an answer. Upon hearing it was adjudged that the writ be quashed. Petitioner, to whom we will hereinafter refer as defendant, seeks a reversal here.

It is alleged in the petition that Manuel Robert Hart is being unlawfully detained and held a prisoner in the state penitentiary by the warden, who, upon demand for his release, has refused. It is further alleged that the mittimus issued out of the district court of Prowers county, State of Colorado, is void and that said court exceeded the limit of its jurisdiction in respect to said mittimus, a copy of which is attached to the petition. By reference to the mittimus, we learn that petitioner was tried on the 4th day of February, 1947, in the district court of the State of Colorado, sitting within and for the county of Prowers, and on said day a final judgment and sentence appearing in the mittimus was made and entered. In this final judgment and sentence the court recites the appearance of attorneys for the people and petitioner, and therein it is adjudged that petitioner was, on verdict of the jury, found guilty of involuntary manslaughter, and it is therein ordered that he be taken from the common jail of Prowers county and confined in the state penitentiary for a period of not less than three nor more than five years at hard labor. The mittimus containing the final judgment and sentence was certified by the clerk of said district court to be a true copy thereof. Upon the filing of the petition with the mittimus thereto attached, the writ of habeas corpus issued. To said writ Roy Best, appearing by the Attorney General, filed his return on the 25th day of June, 1948, and therein set forth a copy of the mittimus which was identical with the copy attached to the petition. In his return to the writ, the warden denied the unlawful holding of petitioner and alleged his detention as lawful and prayed that the writ be quashed. In the answer to the warden's return, it again was al-

leged that the mittimus was void and of no legal effect, and defendant prayed release as in his petition. Upon the hearing the court found:

"1. That the petitioner, Manuel Robert Hart, is being held by the respondent, Roy Best, Warden of the State Penitentiary of the State of Colorado, under and by virtue of a mittimus issued out of the District Court, sitting in and for the County of Prowers, State of Colorado, in Criminal Docket No. 439, entitled 'People of the State of Colorado vs. Manuel Robert Hart, Defendant', wherein it is ordered that the said petitioner be confined in the penitentiary of this state at Canon City for and during a term of not less than three years and not more than five years from and after the delivery of said mittimus.

"2. That the said petitioner was received at said penitentiary on February 5, 1948, and was assigned No. 24913 and is now there held and confined.

"3. That the District Court sitting in and for the County Prowers, State of Colorado, is a court of general jurisdiction and had jurisdiction over the person of the said Manuel Robert Hart and over the subject matter of the crime of which he was convicted.

"4. That the said District Court sitting in and for the County of Prowers, State of Colorado, is coordinate with and has the same powers as the District Court sitting in and for the County of Fremont, State of Colorado, and that neither of said District Courts has appellate jurisdiction the one over the other, but that they are co-ordinate with each other in all respects.

"5. That this Court does not have jurisdiction to review by habeas corpus, or in any other manner, the acts or deeds of the District Court sitting in and for the County of Prowers, State of Colorado.

"6. That the Writ of Habeas Corpus heretofore issued in this cause should be quashed and the petitioner be remanded to the custody of the respondent, Roy Best,

Warden of the State Penitentiary of the State of Colorado, forthwith.

"Wherefore, it is ordered, adjudged and ·decreed that the Writ of Habeas Corpus heretofore issued out of this court in the above entitled action be quashed and no relief be granted the petitioner thereunder, and that the petitioner, Manuel Robert Hart, be, and he is hereby, forthwith remanded to the State Penitentiary at Canon City, State of Colorado, there to serve his sentence as heretofore imposed by the District Court sitting in and for the County of Prowers, State of Colorado.

"Done in open court this 28th day of June, A. D. 1948.

"Jos. D. Blunt

Judge."

The only specification of points is: "That the Court erred in denying the Writ of Habeas Corpus."

The record here presented discloses that defendant was found guilty of involuntary manslaughter and sentenced to the state penitentiary for a term of not less than three nor more than five years. It also appears therefrom that the petition for a writ of habeas corpus was filed by the defendant in the district court of Fremont county and that the writ was issued; that thereafter the trial court quashed the writ and entered its judgment as hereinbefore set forth. The ground relied upon by the trial court for quashing the writ and remanding the prisoner was its lack of jurisdiction to hear and determine the validity of a judgment made and entered by a court of co-ordinate jurisdiction. Defendant here raises no issue whatever concerning the regularity and validity of his trial and the propriety of his conviction, and concedes, or at least does not contend, that he was not guilty of the crime of which he was charged; he does, however, challenge the validity of his sentence and place of imprisonment. If he is discharged in a habeas corpus proceeding, he will escape the punishment which the statute has fixed for its viola-

tions. If the writ had been made permanent, it would have resulted in discharging from custody a prisoner who was found guilty of an offense by a court having jurisdiction of the person and subject matter. In other words, in order to obtain his release on a writ of habeas corpus, the district court of Fremont county would have been obliged to determine that the district court of Prowers county had made and entered a void judgment, and this the district court of Fremont county determined that it lacked the power and authority to do.

In *Martin, Warden v. District Court,* 37 Colo. 110, 86 Pac. 82, we had a situation identical, as we view it, with that presented in the present case. There, one Moran was tried in the district court of Otero county in November, 1899, and sentenced to confinement in the state penitentiary for not less than twelve nor more than fourteen years. After serving approximately three years of his sentence, he filed a petition for writ of habeas corpus in the district court of Denver county, another jurisdiction, seeking his release on the sole ground that the judgment under which he was sentenced was absolutely void because it was not within the power of the court to pronounce it. There, as here, it was not contended that the trial court did not have jurisdiction over the person and the subject matter in the criminal prosecution, and, as here, it was not questioned that upon a verdict of guilty the trial court had the authority and jurisdiction to pronounce a judgment and fix a sentence. However, as we have said, it was contended there, as here, that the sentence was void for the reason, as alleged, that the court was without power to pronounce the judgment under which defendant was confined. Defendant having filed his petition in the district court of Denver county, on hearing it was determined that the judgment was void and the relief asked was granted and the prisoner discharged. The action of the Denver district court in granting and sustaining the writ became

the subject of review here, and in that connection we said:

"That statute (§1611, Gen. Stats. 1883 [§3, c. 77, '35 C.S.A.]) expressly provides that if it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for certain specified causes. It is conceded that the district court of Otero county, which sentenced the prisoner, was legally constituted, and the sole ground upon which relief is sought is that it exceeded the limit of its jurisdiction in that it imposed an improper, excessive and indefinite sentence.

"Our later decisions, following that of the supreme court of the United States, are that even where a judgment is wholly void, a defendant will not, except in rare and extraordinary cases, be released from imprisonment thereunder if appropriate relief can be granted by writ of error or appeal. (citing many cases)

* * *

"These decisions are applicable here, and our conclusion is that the sentence complained of is not void, but, at most, voidable, and might be corrected upon a writ of error, and since the prisoner has not served out the sentence which it was within the power of the court to render, he was not entitled to a discharge on *habeas corpus*. The district court, in ruling otherwise, clearly exceeded the limit of its jurisdiction in discharging the prisoner, and its judgment for that reason should be set aside.

"For another reason that court exceeded its jurisdiction in the premises. The sentence under which the prisoner was in custody was pronounced by the district court of Otero county. That court had jurisdiction of the crime and of the person of the defendant, and the power to pronounce sentence. The district court of Arapahoe county is a court of concurrent jurisdiction only. It has no power under the constitution or the statutes of this state to review or supervise by *habeas*

*corpus* the judgment of the district court of another judicial district. This was clearly intimated by Mr. Justice Elliott in his concurring opinion in *Cooper v. The People,* 13 Colo. 337. He there said that, notwithstanding the fact that our statute confers jurisdiction in *habeas corpus* cases upon district courts and district judges, yet, in the nature of things, there must be some limitation to the exercise of such power, else the unseemly spectacle might be presented of one district court releasing prisoners committed by another district court, or even by the supreme court itself. This is precisely what the district court of the second judicial district has assumed to do in this case, and it was beyond its jurisdiction to do so. In *People ex rel. v. District Court,* 22 Colo. 422, Mr. Justice Goddard, speaking for the court, said: 'The writ of *habeas corpus* cannot be used as a writ of error, nor will one court review the proceedings of another court of concurrent jurisdiction in that manner.' "

We recognize that under section 1, chapter 77, '35 C.S.A., jurisdiction to issue writs of habeas corpus is vested in the Supreme and district courts in termtime or in the judges thereof in vacation. Nevertheless in *Martin v. District Court, supra,* the exercise of that vested jurisdiction is somewhat limited as therein set forth, and theretofore had been limited by decisions in our own court. In *Cooper v. People ex rel. Wyatt,* 13 Colo. 337, 22 Pac. 790, a contempt proceeding in the district court, Cooper was sentenced to jail and his release therefrom attempted by writ of habeas corpus issued by another district judge in the same judicial district. Mr. Justice Elliott, in a specially concurring opinion, said this with reference to the jurisdiction of the court in habeas corpus cases:

"It is true our statute in general terms confers jurisdiction in *habeas corpus* cases upon district courts and district judges. Nevertheless, there must, in the nature of things, be some limitation to the exercise of such

power, else the unseemly spectacle might be presented of one district court releasing prisoners committed by another district court, or even by the supreme court itself. The criminal courts have jurisdiction in many cases concurrent with the district courts; and in all matters pertaining to the exercise of their lawful jurisdiction they should be upheld accordingly."

We might rest our decision herein upon the authority of *Martin, Warden v. District Court, supra,* and *Cooper v. People ex rel. supra.* It is a fundamental principle of law, dating from the very foundation of courts, that where one court acquires jurisdiction of the person and subject matter, such jurisdiction cannot be ousted by another court of co-ordinate jurisdiction.

We find that the principles announced in *Martin, Warden v. District Court, supra,* and *Cooper v. People ex rel., supra,* have been approved in whole or in part in texts, as well as decisions in other jurisdictions.

"One court has no jurisdiction to release a prisoner committed by a court of co-ordinate jurisdiction. Any other rule would produce a conflict of jurisdiction over the right to the custody of the person of the prisoner, and lead to inextricable confusion, resulting in a defeat of the due administration of the law." Scott and Roe, Habeas Corpus, p. 130.

"It is a rule essential to the efficient administration of justice, that where a court is vested with jurisdiction over the subject matter upon which it assumes to act, and regularly obtains jurisdiction of the person, it becomes its right and duty to determine every question which may arise in the cause, without interference from any other tribunal.

\* \* \*

"Where, also, it is discovered that it [habeas corpus] will interfere unnecessarily with another competent and acting jurisdiction, it will be denied as an inappropriate remedy, for it was never designed to be used to frustrate or interrupt the due course of justice, nor to intermeddle

with other judicial proceedings while a ready redress may be had by application to the tribunal, whose action may be the subject of complaint." Hurd on Habeas Corpus (2d ed.), p. 331, et seq.

"Where a court of general jurisdiction, and legally competent to determine its own jurisdiction, has acquired prior jurisdiction *de facto*, over person or subject-matter, no other court will interfere with or seek to arrest its action, while the case is still pending and undetermined. This rule is sustained and supported by all the analogies of the law. It is right in principle, and preventive of unpleasant collision between different tribunals. A court should extend to other tribunals the same comity and the same confidence which it claims for itself. This rule was clearly recognized in the celebrated Wisconsin cases, where it was decided that courts had a right to determine their own jurisdiction, and that no court was authorized to take matter out of another whose process had first attached and assume the right of adjudication before the former has had an opportunity to determine the matter for itself. * * * So where one court has obtained jurisdiction of a case no other court of concurrent jurisdiction will interfere therewith; and when the jurisdiction of a court is exclusive, the law applies with still greater force; for then no other court will take jurisdiction at all to interfere with or interrupt its proceedings preliminary." Church on Habeas Corpus (2d ed.), p. 374, §265.

"Pursuant to a general rule of wide application, on which there is no conflict of authorities, it has been held that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another habeas corpus proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated. More limited judicial statements are that a court should not, and will not, so interfere by habeas corpus, and that, while the

pendency of a proceeding, affecting the matter in controversy, in another court which has taken prior jurisdiction does not deprive the court under all circumstances of the power to issue a writ of habeas corpus, the court should, as a matter of comity, refrain, by postponing a hearing on the writ or at least by withholding a decision, from proceeding on the writ until the conclusion of the action, suit, or proceeding which was first begun." 39 C.J.S., p. 596, §53.

"It is a settled rule that wherever a court has acquired jurisdiction of a case, no other court may, upon habeas corpus, interfere with its action as to matters concerning which it has acquired jurisdiction. Any other rule would produce a conflict of jurisdiction over the right to the custody of the person of the prisoner and lead to inextricable confusion, resulting in a defeat of the due administration of the law." 25 Am. Jur., p. 223, §108. *Ex Parte State ex rel. Attorney General,* 150 Ala. 489, 43 So. 490; *Commonwealth ex rel. Burton v. Baldi,* 147 Pa. Sup. Ct. 193, 24 A. (2d) 76; *State ex rel. Murphy, Attorney General v. Superior Court,* 25 Ariz. 226, 215 Pac. 538; *Milani v. Superior Court,* 61 Cal. App. (2d) 463, 143 P. (2d) 402; *In re Farrell,* 22 Colo. 461, 45 Pac. 428; *People ex rel. v. Zimmer,* 252 Ill. 1, 96 N.E. 529; *State ex rel. Kunkel v. Circuit Court,* 209 Ind. 682, 200 N. E. 614; *Haden v. Dowd, Warden,* 216 Ind. 281, 23 N. E. (2d) 676; *Detrich v. Dowd,* 223 Ind. 106, 58 N. E. (2d) 108; *State ex rel. Dowd v. Superior Court,* 219 Ind. 17, 36 N. E. (2d) 765; *Dowd, Warden v. Anderson,* 220 Ind. 6, 40 N. E. (2d) 658; *Peff v. Doolittle,* 235 Ia. 443, 15 N. W. (2d) 913; *Commonwealth ex rel. Lawton v. Gordon, Judge,* 197 Ky. 367, 247 S. W. 45; *In re Eckart, Petitioner,* 166 U. S. 481, 17 Sup. Ct. 638, 41 L. Ed. 1085; *Riddle v. Dyche, Warden,* 262 U. S. 333, 43 Sup. Ct. 555, 67 L. Ed. 1009.

In the present case the record discloses that defendant was represented in the trial court by two attorneys, both of whom we find have had long ex-

perience in the practice of law in this state. The record does not disclose that a motion for a new trial was filed, nor that the error in the sentence was called to the attention of the trial judge, and he given an opportunity to impose a proper sentence if, as the record before us reveals, the charge upon which defendant was convicted was involuntary manslaughter. If defendant was tried and convicted of involuntary manslaughter, it is obvious that the sentence imposed, both as to the institution of incarceration and duration of term, was beyond the jurisdiction of the court, and it could and should have been corrected upon writ of error to this court, where the imposition of a proper sentence, both in duration and place of incarceration, could have been ordered. We have held that, "Where the court has jurisdiction of the person and subject matter and has entered an erroneous judgment, it retains jurisdiction to correct, modify, and alter it in accordance with the provisions of the statute, notwithstanding the expiration of the term at which the judgment was pronounced (citing cases)." *People ex rel. Best v. District Court,* 115 Colo. 240, 171 P. (2d) 774.

There is a distinction between a void, and an erroneous, judgment, and the general rule is that where the court has jurisdiction of the subject matter and of the person, its judgment in the case will not be void, although it may be erroneous, and that in a collateral proceeding the validity of the judgment cannot be called in question. Mr. Chief Justice Marshall, writing the court's decision in *Ex Parte Watkins,* 3 Peters, 193, had this to say with reference to judgments pronounced in excess of the court's jurisdiction: "An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous."

Here we are presented with a situation where the district court of Fremont county and that court in

Prowers county are courts of equal authority and dignity; they are coordinate; neither has the power or authority to consider the validity or set aside the judicial acts of the other. Neither has, as related to the other, appellate jurisdiction; that jurisdiction is vested in our court. When the district court of Prowers county had jurisdiction of the person and the subject matter—and that jurisdiction is not challenged here—its judgment is not void; it at most is erroneous. It can be corrected by the court which pronounced it. or by this court on writ of error. Under these circumstances, it was beyond the jurisdiction of the district court in Fremont county, in a collateral proceeding, to attack the validity of a judgment of the district court of Prowers county, the latter being a court of coordinate and equal jurisdiction. tion.

If, as we held in *People v. District Court, supra,* the trial court retains jurisdiction to correct its judgment and sentence after the defendant had served a term of more than fourteen years on a life sentence, it would seem reasonable to assume that in the instant case had the trial court imposed an improper sentence, either in excess of the term or place of confinement, it would still retain jurisdiction to correct its judgment.

Under the authorities hereinbefore cited, we find that the district court of Fremont county did not have appellate jurisdiction over the district court of Prowers county; that these courts are courts of equal and coordinate jurisdiction, and that the district court of Prowers county, having unquestioned jurisdiction of the person and subject matter of the defendant here, retained jurisdiction for the imposition of a lawful judgment and sentence, and that it was beyond the jurisdiction of the district court of Fremont county, in a collateral proceeding, to pass upon the validity of the judgment of a court of equal jurisdiction.

For another reason a writ of habeas corpus should not be granted to the defendant here. If the

record presented is a correct recitation of the proceedings in the trial court, we must assume that the trial judge and defendant's two counsel misconceived the law and permitted defendant to be subjected to a penitentiary sentence when the court was limited in its judgment to imposing a sentence for a term in the county jail. Assuming, however, that the record filed is correct, the judgment of the trial court could and should have been corrected by a writ of error issued out of this court. A writ of habeas corpus cannot be substituted for a writ of error. A habeas corpus writ is an extraordinary writ which may be procured, not as a matter of right, but in the discretion of the court. It was incumbent upon defendant to exhaust his legal remedies before asking the indulgence of the court in the issuance of a writ of habeas corpus.

In this case it is inconceivable that, had errors of such magnitude as now claimed by defendant occurred in his trial, the court, if they had been called to its attention, would not readily have corrected them. Defendant's relief, if any, must be obtained by writ of error rather than habeas corpus. *Ex Parte Farnham,* 3 Colo. 545; *In re Tyson,* 21 Colo. 78, 39 Pac. 1093; *People ex rel. Burchinell v. District Court,* 22 Colo. 422, 45 Pac. 402; *In re Popejoy,* 26 Colo. 32, 55 Pac. 1083; *People ex rel. v. District Court,* 26 Colo. 380, 58 Pac. 608; *In re Mahany,* 29 Colo. 442, 68 Pac. 235; *People ex rel. v. District Court,* 33 Colo. 328, 80 Pac. 888; *Ex Parte Stidger,* 37 Colo. 407, 86 Pac. 219; *Martin v. District Court,* 37 Colo. 110, 86 Pac. 82; *In re Arakawa,* 78 Colo. 193, 240 Pac. 940; *In re Nottingham,* 84 Colo. 123, 268 Pac. 587; *People ex rel. Crowe v. Williams,* 330 Ill. 150, 161 N. E. 312; *Detrick v. Dowd,* 223 Ind. 106, 58 N. E. (2d) 108; *Swayne v. Dowd,* 215 Ind. 256, 18 N. E. (2d) 928; *Commonwealth ex rel. Penland v. Ashe,* 341 Pa. 337, 19 A. (2d) 464; *Woolsey v. Best,* 299 U. S. 1, 57 Sup. Ct. 2, 81 L. Ed. 3; *Bowen v. Johnston,* 306 U. S. 19, 59 Sup. Ct. 442, 83 L. Ed. 455; Hurd on Habeas Corpus (2d ed.), p. 331, et

seq; Scott & Roe on Habeas Corpus, p. 334; Church on Habeas Corpus (2d ed.), p. 138, §87; 39 C.J.S., p. 444, §15; 25 Am. Jur., p. 155, §19.

If it be assumed that the judgment here is void, under authorities, defendant would not be entitled to his discharge on habeas corpus. In *In re Bonner,* 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149, where the prisoner was sentenced to the state penitentiary contrary to the terms of the statute, it was held that he was entitled to the benefit of a writ of habeas corpus directing his discharge from the custody of the warden, and in connection therewith the court said: "Much complaint is made that persons are often discharged from arrest and imprisonment when their conviction, upon which such imprisonment was ordered, is perfectly correct, the excess of jurisdiction on the part of the court being in enlarging the punishment or in enforcing it in a different mode or place than that provided by the law. But in such cases there need not be any failure of justice; for, where the conviction is correct and the error or excess of jurisdiction has been as stated, there does not seem to be any good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence in order that its defect may be corrected. The judges of all courts of record are· magistrates, and their object should be not to turn loose upon society persons who have been justly convicted of criminal offenses, but, where the punishment imposed, in the mode, extent, or place of its execution, has exceeded the law, to have it corrected by calling the attention of the court to such excess. We do not perceive any departure from principle or any denial of the petitioner's right in adopting such a course. He complains of the unlawfulness of his place of imprisonment. He is only entitled to relief from that unlawful feature, and that he would obtain if opportunity be given to that court for correction in that particular. It is true where there are also errors on the trial of the case affecting

the judgment, not trenching upon its jurisdiction, the mere remanding the prisoner to the original court that imposed the sentence, to correct the judgment in those particulars for which the writ is issued, would not answer, for his relief would only come upon a new trial; and his remedy for such errors must be sought by appeal or writ of error. But in a vast majority of cases the extent and mode and place of punishment may be corrected by the original court without a new trial, and the party punished as he should be whilst relieved from any excess committed by the court of which he complains. In such case the original court would only set aside what it had no authority to do and substitute directions required by the law to be done upon the conviction of the offender." See, also: *Ex Parte Mize,* 11 Cal. (2d) 22, 77 P. (2d) 472; *United States ex rel. Whitaker v. Mathues,* 9 F. (2d) 913; *Wilfong v. Johnston,* 156 F. (2d) 507; *People ex rel. Courtney v. Fardy, Judge,* 378 Ill. 501, 39 N. E. (2d) 7; *Cummings v. Lainson* (Ia.), 33 N. W. (2d) 395; *Edwards v. Hudspeth, Warden,* 159 Kan. 37, 151 P. (2d) 698; *Ex Parte Wilkerson,* 72 Okla. Crim. 301, 115 P. (2d) 923; *Commonwealth ex rel. Billings v. Ashe,* 336 Pa. 205, 8 A. (2d) 540; *Bass v. Smith,* 26 Wash. (2d) 872, 176 P. (2d) 355.

Summarizing, we hold that the district court of Fremont county, being a court of coordinate jurisdiction with the district court of Prowers county, lacked jurisdiction by habeas corpus to alter, modify or nullify the judgment and sentence of the district court of Prowers county; we further hold that the errors of which complaint is here made are such as should be corrected by review on writ of error instead of habeas corpus, and we further hold that if the judgment of the district court of Prowers county was concededly void and the writ granted for that reason, nevertheless the defendant was not entitled to his discharge, but, under the circumstances here, it should be ordered that he be delivered to the sheriff of Prowers county to be by him taken

before the district court of that county for the imposition of a proper and lawful judgment and sentence.

 We deem it proper to comment upon another feature of this case disclosed by a supplemental record filed herein subsequent to the time the cause came at issue here. In that connection we call attention to the fact that the judgment and sentence of which complaint is here made was entered in the district court on February 4, 1948; that the petition for the writ of habeas corpus was filed in the district court of Fremont county on June 22, 1948; that the hearing thereon was had on June 28, 1948, and judgment entered that day denying the prisoner's release on his application for habeas corpus. The case was docketed here on September 23, 1948, and came at issue on December 23, 1948. Thereafter and on February 1, 1949, there was filed a motion to supplement the record, and objections thereto filed on February 7, 1949. It appears here by a certified copy of the information on which defendant was tried and found guilty by the jury that he, "while under the influence of intoxicating liquor unlawfully and feloniously did then and there cause the deaths of one Doris Sue DuBose and one Linda Sue DuBos by operating and driving an automobile in a reckless, negligent and careless manner and with a wantom and reckless disregard of human life and safety." It further appears in the supplemental record that this was the charge upon which the jury found defendant guilty. We take judicial notice of the fact that the charge is based upon section 39, chapter 48, '35 C.S.A., and the penalty prescribed by statute for its violation is "imprisonment in the state penitentiary for a period of not less than one year nor more than fourteen years." We also find in the supplemental record a certified copy of an order entered by the judge of the district court of Prowers county, calling attention to the error in the mittimus describing the offense of which defendant was convicted as voluntary manslaughter and ordering the clerk to correct the

mittimus theretofore issued by her so as to show the offense with which defendant was charged, of which he was found guilty, and upon which judgment of the court was imposed; also directing that a certified copy of the amendatory order be sent to the warden of the state penitentiary having defendant in custody. We recite these facts, as disclosed by the supplemental record, for the purpose of indicating a possible reason why application for defendant's release was not made to the court which pronounced the judgment and sentence.

The judgment of the district court denying defendant's release on a writ of habeas corpus was correct, and, accordingly, is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HOLLAND dissent.