**Robert O. (Bob) HURT, Petitioner,**

v.

**H. C. McLEOD, Warden of the State Penitentiary at McAlester, Oklahoma, Respondent.**

**No. 5952.**

United States Court of Appeals
Tenth Circuit.

Nov. 28, 1958.

Sid White, Oklahoma City, Okl., for petitioner.

Mac Q. Williamson, Atty. Gen., State of Oklahoma, and Sam H. Lattimore, Asst. Atty. Gen., State of Oklahoma, filed a brief for respondent.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal by Hurt from an order of the United States District Court for the Eastern District of Oklahoma discharging a writ of habeas corpus.

Charles Edwin York and Adrian Wayne Burns were charged jointly by an indictment returned in the District Court of Oklahoma County, Oklahoma on December 7, 1953, with the offense of robbery with firearms. A severance was granted. York was tried before a jury which, on March 20, 1954, returned a verdict of guilty and fixed his punishment

at 45 years confinement in the Oklahoma State Penitentiary. Judgment was entered and sentence imposed on the verdict. The judgment was affirmed by the Criminal Court of Appeals of Oklahoma. See York v. State, Okl.Cr., 281 P.2d 769.

On July 15, 1954, an information was filed in the District Court of Oklahoma County against Hurt, charging him with the crime of robbery with firearms "acting conjointly and together with * * * York and * * * Burns."

In the first trial of Hurt, which commenced on November 16, 1954, the jury was unable to agree and a mistrial was declared. In the second trial of Hurt, which commenced on February 14, 1955, the jury returned a verdict of guilty and fixed his punishment at a term of confinement in the Oklahoma State Penitentiary for 45 years. Judgment was entered and sentence imposed in accordance with the verdict. On appeal therefrom by Hurt, the judgment was affirmed. See Hurt v. State, Okl.Cr., 303 P.2d 476.

On April 28, 1955, Burns entered a plea of guilty and was sentenced to imprisonment for a term of seven years in the Oklahoma State Penitentiary.

Frank Massad, an attorney of Oklahoma City, called as a witness for the State at the second trial of Hurt, had had conversations with Hurt during three different periods. The first period commenced with the arrest of Burns and ended on May 13, 1954. The second period commenced on May 13, 1954, and ended August 12, 1954. The third period commenced on August 12, 1954, and ran for a substantial period thereafter. Objection was interposed to Massad testifying to such conversations on the ground that they occurred during the relationship of attorney and client and were privileged. When such objection was made, the jury was excused and the court heard testimony at length on the question of whether Massad was attorney for Hurt. After hearing the evidence, the trial court found that Massad was not attorney for Hurt during the first period,

nor during the third period, but that he was attorney for Hurt during the second period and that such relationship was dissolved on August 12, 1954. He permitted Massad to testify to conversations between himself and Hurt during the first and third periods. Massad's testimony established, if true, admissions of guilt by Hurt.

During one of the conversations Massad was equipped with a wire recorder, which recorded statements made by Hurt which showed his guilt. The recording was edited by the trial court in the absence of the jury and certain profanity and extraneous material were eliminated by the trial court and the remainder was played to the jury. Hurt admitted in his testimony at his trial that the recording reflected solely his voice and that of Massad and that it was a true reproduction of the conversation had between him and Massad on October 20, 1954, during the third period.

On the appeal, the Criminal Court of Appeals of Oklahoma held that Massad's testimony of conversations which occurred during the first and third periods was admissible and that the trial court did not err in permitting the playing of the recording to the jury after the authenticity thereof had been established by testimony, including the admissions of Hurt. Hurt v. State, Okl.Cr., 303 P.2d 476.

On February 6, 1957, Hurt filed in the Criminal Court of Appeals of Oklahoma an application for leave to file in the District Court in the case of State v. Hurt a petition for a writ of coram nobis. Permission was granted and the application was filed.[1]

The petition for the writ of coram nobis was predicated on the alleged fact that at the second trial of Hurt certain witnesses for the State, with the knowledge of the prosecuting officers, gave perjured testimony. The application was heard by the trial judge in the Hurt case and by two other district judges of Oklahoma County, sitting in an advisory capacity.

1. Hurt v. State, Okl.Cr., 312 P.2d 169, 171, 172.

The principal ground upon which the petition for the writ was predicated was that Burns and York, while testifying as witnesses for the State in the second trial of Hurt, falsely stated that the prosecuting officers had not promised them any favors for such testimony; that the prosecuting officers stood by without protesting, knowing such statements to be false; that the County Attorney in the first trial of Hurt and the Assistant County Attorney in the second trial of Hurt falsely told the jury that they had not made any promises to Burns and York; and that Massad, a witness for the State in the second trial of Hurt, was induced by the prosecuting officers to testify falsely by a threat of disbarment.

At the hearing on the petition for the writ no testimony was introduced to support the allegations with respect to the witness Massad. Whether the testimony of York and Burns was false was an issue of fact fully heard at the hearing on the petition for a writ of coram nobis. The District Judge decided such issue of fact against Hurt. On appeal the Criminal Court of Appeals of Oklahoma affirmed on the ground the evidence supported the finding of the District Judge.[2]

Moreover, in the opinion in Hurt v. State (the coram nobis case) the Criminal Court of Appeals of Oklahoma set forth a large part of the evidence introduced in the state district court in the coram nobis proceeding. Much of such evidence was set forth verbatim. Hurt introduced in evidence in this proceeding in the court below the opinion of the Criminal Court of Appeals and the evidence delineated therein affords support for the determination of the court below in this case.

Hurt undertook to appeal from the two decisions above referred to of the Criminal Court of Appeals of Oklahoma to the Supreme Court of the United States. The Supreme Court dismissed the appeal and, treating the papers as a petition for a writ of certiorari, denied cer-

tiorari. Hurt v. Oklahoma, 355 U.S. 22, 78 S.Ct. 97, 2 L.Ed.2d 67.

In his application for the writ in the instant case Hurt set up three principal grounds:

1. That he was denied a trial by a fair and impartial jury;

2. That his conviction was obtained by the use of false and perjured testimony, known by the County Attorney to be false at the time of its introduction; and

3. That it was improper to play the tape recording obtained by Massad to the jury.

The second and third grounds upon which the petition is predicated were considered by the Criminal Court of Appeals of Oklahoma and decided adversely to Hurt in Hurt v. State, Okl.Cr., 303 P.2d 476 and Hurt v. State, Okl.Cr., 312 P.2d 169.

The bases for the claim that Hurt was denied a fair and impartial trial by jury are these: (a) articles which appeared in the Oklahoma City daily papers and statements made in radio and television news broadcasts with respect to matters that occurred in or relating to the first trial of Hurt; (b) the alleged fact that armed guards were present in the courtroom at the first trial of Hurt; (c) the alleged fact that because of an article appearing in the public press with respect to how a juror stood during the jury's deliberations in the first trial, the jury room was investigated by the Sheriff's office to see whether or not it was wire tapped; and (d) the alleged fact that during the first trial of Hurt the wife of one of the jurors was threatened by a telephone call.

Oklahoma, by statute, has provided a full and adequate remedy by habeas corpus. See 12 O.S.A. §§ 1331–1355, inclusive.

Hurt has never sought relief in the courts of Oklahoma by habeas corpus or otherwise on the ground that he was denied a fair and impartial jury trial.

2. See Hurt v. State, Okl.Cr., 312 P.2d 169.

28 U.S.C.A. § 2254 provides that "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, * * *."

 An application for a writ of habeas corpus should not be entertained by a Federal court until all state remedies available, including appellate remedies in the state courts and in the Supreme Court of the United States, by appeal or by writ of certiorari have been exhausted.[3]

It follows that Hurt not having exhausted the remedies available to him in the courts of Oklahoma, the order discharging the writ should be affirmed.

3. Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L. Ed. 761.