No. 18,707.

JOSE R. GALLEGOS *v.* HARRY C. TINSLEY, WARDEN, ETC.
(337 P. [2d] 386)

Decided March 30, 1959.

Mr. Francis R. Salazar, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John W. Patterson, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error, to whom we will refer as defendant, and one DeHerrera, filed a joint petition in the district court of Fremont county for a writ of habeas corpus. They alleged that they had been convicted of forcible rape in the district court of Pueblo county in May 1957; that they were sentenced to a term of not less than five nor more than ten years in the state penitentiary; and that their imprisonment by the respondent warden of the prison is illegal for the reason that at the time of the imposition of the aforesaid sentence they were under sixteen years of age. The trial court at first made the writ permanent, but upon consideration of motion filed by respondents the judgment ordering a discharge of the petitioners was set aside and the writ was discharged. DeHerrera was remanded to the custody of the warden. Defendant was permitted to remain at liberty on a one thousand dollar bond. He seeks review by writ of error directed to the judgment of the trial court which denied him release from custody in the habeas corpus proceeding.

It is not disputed that at the time of imposition of sentence by the district court of Pueblo county defendant was fifteen years of age. The offense for which he was convicted is that defined by C.R.S. 1953, 40-2-25 (3). Under this statute the offense was rape of the first de-

gree, and the punishment provided by C.R.S. '53, 40-2-28, for rape in the first degree is:

" * * * at the discretion of the court, by imprisonment in the state penitentiary for life, or for a period of not less than three years; provided, where the person convicted was under the age of twenty years when the offense was committed, the court before whom the offender is tried and convicted may commute the punishment for the offense, where the conviction was had under subsection (1) of section 40-2-25, to commitment to the state reformatory; and provided further, where any person convicted under subsection (1) of section 40-2-25 shall have previously borne a good reputation, the court in its discretion may commute the sentence to commitment to the state reformatory."

Several statutes exist which bear upon the status of minors in criminal cases. C.R.S. '53, 40-1-4, provides that an infant under the age of ten years shall not be found guilty of any crime or misdemeanor. C.R.S. '53, 40-1-2, provides that the element of intention as related to criminal cases is manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused. C.R.S. '53, 40-1-3, provides: "A person shall be considered of sound mind who is neither an idiot, nor lunatic, nor affected with insanity, and who has arrived at the age of fourteen years, or before that age, if such person knows the distinction between good or evil."

From these statutes it is clear that a minor who is over fourteen years of age is fully accountable for crimes committed by him. Unless there is a statute which makes mandatory a sentence, in the case of a minor, other than that applicable to adults, an offense committed by a minor is punishable in the same manner as though committed by an adult. 43 C.J.S. 222, Infants, §96 (g).

It is contended by counsel for defendant that the pro-

visions of C.R.S. '53, 39-10-1, are controlling in the instant case. This section provides:

"Courts having criminal jurisdiction in Colorado shall sentence to the state reformatory all male persons, and none other, duly convicted before them of felony for the first time, who at the time of sentence shall be of the full age of sixteen years and not more than twenty-one years; * * * provided, that they shall sentence to the state penitentiary at Canon City any male persons between the ages of sixteen and thirty who shall be convicted of crimes involving the penalty of imprisonment for life, or the crime of murder in the first or second degrees or voluntary manslaughter."

 That this statute, by its express terms, is not applicable to defendant in the instant case is obvious. He was fifteen years of age when sentenced. Application of the statute is limited to those persons who are "of the full age" of sixteen years at the time of sentence. The judiciary cannot read into an act of the legislature a provision which is clearly not present. Thus we cannot, by construction, amend the statute by lowering the age limit for coverage thereunder from sixteen to fifteen upon the sole ground that the legislature should have placed the limit at the lower figure.

Counsel for defendant argues:

"The legislature in 39-10-1 '53 CRS has set forth a statute which controls all other sentencing statutes insofar as they relate to the ages of persons and the institutions to which they may be sentenced. It is the argument of Defendant in Error, however, that while the courts are regulated as to the sentencing of those persons sixteen years and over that there are no regulations as to those persons under sixteen years. Under this theory we protect adults but do not protect children."

This argument might be persuasive in legislative halls if advanced in support of an amendment to the existing statute, but it is futile to present it here. It follows from the foregoing that the sentence imposed by the district

court of Pueblo county was within the statutory limitations. It was neither void, as contended by counsel for defendant, nor was it erroneous within the meaning of the opinion of this court in *Hart v. Best,* 119 Colo. 569, 205 P. (2d) 787.

■ There is yet another reason why the relief sought by habeas corpus was properly denied by the trial court. The district court of Fremont county was without jurisdiction to determine the question raised by the petition for habeas corpus. In *Martin v. District Court,* 37 Colo. 110, 86 Pac. 82, petition for a writ of habeas corpus was filed in the district court of Denver to determine the validity of a judgment of the district court of Otero county. In the opinion in that case this court said, inter alia:

"For another reason that court exceeded its jurisdiction in the premises. The sentence under which the prisoner was in custody was pronounced by the district court of Otero county. That court had jurisdiction of the crime and of the person of the defendant, and the power to pronounce sentence. The district court of Arapahoe county is a court of concurrent jurisdiction only. It has no power under the constitution or the statutes of this state to review or supervise by *habeas corpus* the judgment of the district court of another judicial district. This was clearly intimated by Mr. Justice Elliott in his concurring opinion in *Cooper v. The People,* 13 Colo. 337. He there said that, notwithstanding the fact that our statute confers jurisdiction in *habeas corpus* cases upon district courts and district judges, yet, in the nature of things, there must be some limitation to the exercise of such power, else the unseemly spectacle might be presented of one district court releasing prisoners committed by another district court, or even by the supreme court itself. This is precisely what the district court of the second judicial district has assumed to do in this case, and it was beyond its jurisdiction to do so. In *People ex rel. v. District Court,* 22 Colo. 422, Mr. Justice

Goddard, speaking for the court, said: 'The writ of *habeas corpus* cannot be used as a writ of error, nor will one court review the proceedings of another court of concurrent jurisdiction in that manner.' "

In *Hart v. Best,* supra, the doctrine of *Martin v. District Court,* supra, was reaffirmed and the function of the writ of habeas corpus thoroughly analyzed under facts comparable to those in the instant case. From that opinion we quote the following pertinent language:

"Under the authorities hereinbefore cited, we find that the district court of Fremont county did not have appellate jurisdiction over the district court of Prowers county; that these courts are courts of equal and co-ordinate jurisdiction, and that the district court of Prowers county, having unquestioned jurisdiction of the person and subject matter of the defendant here, retained jurisdiction for the imposition of a lawful judgment and sentence, and that it was beyond the jurisdiction of the district court of Fremont county, in a collateral proceeding, to pass upon the validity of the judgment of a court of equal jurisdiction."

The cases above cited are controlling under the facts in the case before us. The district court of Fremont county was without jurisdiction.

The judgment is affirmed.