**Robert HURT, Petitioner,**

v.

**W. A. LACKEY, Judge of the District Court of Pittsburg County, Oklahoma, Respondent.**

**No. A–13129.**

Court of Criminal Appeals of Oklahoma.

April 11, 1962.

Rehearing Denied June 14, 1962.

Sid White, Oklahoma City, Robert J. Bell, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Oklahoma City, for respondent.

BUSSEY, Judge.

This is an original application for a writ of mandamus brought by O. R. Hurt seeking an order to require the District Court of Pittsburg County, Oklahoma, to pass upon, in a pending habeas corpus proceeding, the validity of a judgment and sentence entered against him in the District Court of Oklahoma County.

The question thus presented is whether a District Court may pass upon the validity of a judgment and sentence rendered by a district court of another county.

While the question herein presented has never been squarely passed upon by the courts of this state, this court in the case of State ex rel. Wester v. Caldwell, 84 Okl. Cr. 334, 181 P.2d 843, said:

"If the prisoners desire to present the question that the judgments and sentences of the District Court of Love County, under which they are committed to the State Penitentiary, are void because of the denial of certain constitutional rights to the defendants in connection·with their arraignment and pleas of guilty, that inquiry may be presented to the Criminal Court of Appeals. We are not expressing an opinion as to whether the District Court of the County where prisoners are confined in the penitentiary may in a habeas corpus action pass upon the validity of a judgment pronounced by another District Court in this state. A serious legal question arises as to whether the District Court of a County where a prisoner is confined, in a habeas corpus proceeding, would have jurisdiction to vacate the judgment of the District Court of another County of this state. Such question is not now before this court and we express no opinion on the same but such disputed question will be decided if and when it is presented to us in a proper manner."

Petitioner urges that the District Court of Pittsburg County, is empowered with the authority to pass upon the validity of the judgment and sentence rendered against him by the District Court of Oklahoma County.

In determining this issue we must, of necessity, refer to the proper Constitutional and statutory provisions of this jurisdiction.

Article VII, Section 10, of the Oklahoma Constitution provides:

"The District Courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution, or by law. The District Courts, or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and other writs, remedial or otherwise, necessary or proper to carry into effect their orders, judgments, or decrees. The District Courts shall also have the power of naturalization in accordance with the laws of the United States."

It is apparent that the appellate jurisdiction of the district courts is limited by the phrase, supra, "as may be provided in this Constitution, or by law."

Neither the Constitution nor the statutes of Oklahoma confer appellate jurisdiction upon a district court sitting in a county wherein a state penal institution is located to review the validity of a judgment and sentence rendered by a district court in another county of the state. To the contrary, such appellate jurisdiction is vested in the Court of Criminal Appeals under the provisions of Title 20 Okl.St. Ann. § 40, which reads as follows:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction, co-extensive with the limits of the State, in all criminal cases appealed from the district, superior and county courts, and such other courts of record as may be established by law."

Moreover, the authority of the Court of Criminal Appeals to grant writs of habeas corpus and other remedial writs is set forth under the provisions of Title 20 Okl.St.Ann. § 41, which provides:

"Said court and judges thereof shall have the power to issue writs of habeas corpus; and under such regulations as may be prescribed by law, issue such writs as may be necessary to exercise its jurisdiction; and may prescribe and promulgate such rules for the government of said court as it may deem necessary."

It is apparent that this statute implements the constitutional provision that:

"The privilege of the writ of habeas corpus shall never be suspended by the authorities of this State." See Art. II, § 10, Oklahoma Constitution.

and grants to this court the authority to review the validity of a judgment and sentence rendered by inferior tribunals.

From the foregoing Constitutional and statutory authority, we could render our decision by adopting the interpretation placed upon similar Colorado Constitutional and statutory provisions by the Supreme Court of Colorado in Cooper v. People, 13 Colo. 337, 373, 22 P. 790, 6 L.R.A. 430. Therein it was said:

"* * * Notwithstanding the fact that our statute confers jurisdiction in habeas corpus cases upon district courts and district judges, yet in the nature of things there must be some limitation to the exercise of such power, else the unseemly spectacle might be presented of one district court releasing prisoners committed by another district court, or even by the Supreme Court itself. This is precisely what the district of the Second judicial district has assumed to do in this case, and it was beyond its jurisdiction to do so." See Martin v. District Court, 37 Colo. 110, 86 P. 82, 84; People ex rel. Burchinell v. District Court, 22 Colo. 422, 45 P. 402; Hart v. Best, 119 Colo. 569, 205 P.2d 787; Gallegos v. Timsley, Warden, 139 Colo. 157, 337 P.2d 386.

While we are in accord with the reasoning of Cooper v. People, supra, we are of the opinion that the provisions of Title 12 Okl.St.Ann. § 1342, are determinative of the issue herein raised. It provides in part that:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired * * * upon any process issued on any final judgment of a court of competent jurisdiction."

In summarizing, we are of the opinion that the Court of Criminal Appeals has exclusive power to determine on appeal or by habeas corpus the validity of a judgment and sentence rendered by a district court of this State.

We are of the further opinion that the District Court of Pittsburg County is

without authority to review by appeal or by habeas corpus the validity of a judgment and sentence rendered by the District Court of Oklahoma County, and that if the petitioner desires relief by habeas corpus, he must file his application for such relief in this court.

The Court of Criminal Appeals will not issue mandamus to compel an inferior court to exceed its jurisdiction.

For the reasons above set forth, the Writ prayed for is denied.

NIX, P. J., and BRETT, J., concur.