**Robert O. (Bob) HURT, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 8137.**

United States Court of Appeals
Tenth Circuit.

Jan. 4, 1966.

Sid White, Oklahoma City, Okl., for appellant.

Jack A. Swidensky, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

LEWIS, Circuit Judge.

 This is an appeal from an order of the District Court for the Eastern

District of Oklahoma dismissing, without a hearing, appellant's application for a writ of habeas corpus. Appellant is presently confined in the Oklahoma State Penitentiary pursuant to a sentence imposed after conviction by a jury of the crime of robbery with firearms. He asserts his conviction and restraint to be constitutionally invalid in three particulars: (1) denial of trial by a fair and impartial jury; (2) use of perjured testimony, known to be such by the prosecution; and (3) improper use of a tape recording at the trial. The court below, noting that the identical claims of appellant had been considered and rejected in a prior habeas corpus proceeding and such judgment affirmed by this court, Hurt v. McLeod, 10 Cir., 262 F.2d 109, concluded that nothing in the present petition suggested the need for a re-examination of the issues and accordingly denied a hearing. Appellant insists that the impact of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, decided subsequent to our consideration of the first petition for a writ now requires that a full evidentiary hearing be held upon his claims. We find no merit to this contention although admittedly and since our original consideration of appellant's claims the scope of federal habeas corpus has been clarified and broadened by the decisions of the Supreme Court in Fay v. Noia and other cases.[1]

■ The issue of whether appellant was accorded a trial before a fair and impartial jury had not been submitted for consideration to the Oklahoma state courts at the time of appellant's first petition for federal habeas corpus, Hurt v. McLeod, supra at 111, nor has the issue been properly submitted subsequently. An application for a writ of habeas corpus was filed in the District Court of Pittsburg County, Oklahoma, but that court was held to be without jurisdiction by the Oklahoma Court of Criminal Appeals. Hurt v. Lackey, 372 P.2d 50. The Oklahoma appellate court stated, Hurt v. Lackey, supra at 54, " * * * if the petitioner desires relief by habeas corpus, he must file his application for such relief in this court." No application for such relief was ever filed in the Oklahoma Court of Criminal Appeals. Under these circumstances the federal district court could and properly did refuse consideration of the issue as a matter of comity. Fay v. Noia, supra; 28 U.S.C. § 2254.

■ Appellant's other two premises for his present application involve the determination of factual issues. Both issues have been squarely presented to the Oklahoma courts in post-conviction proceedings. And both factual issues have been decided adversely to appellant's contentions. Hurt v. Oklahoma, 303 P.2d 476; Hurt v. Oklahoma, 312 P.2d 169, appeal dismissed and cert. denied, 355 U.S. 22, 78 S.Ct. 97, 2 L.Ed.2d 67. In such case the federal district judge may refuse to relitigate the factual issues and, indeed, when the district judge concludes "that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing." Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 760. Based upon an examination of the files, records and reported decisions of the Oklahoma courts, the district court concluded that the case at bar presented nothing that required re-examination in furtherance of the proper administration of justice. In so holding the court below did not abuse his discretion.

Affirmed.

---

1. To the extent that our earlier opinion states that a state remedy is not exhausted unless appeal or writ of certiorari is sought from the Supreme Court of the United States, Hurt v. McLeod, supra at 112, and to the extent that the opinion may imply that a factual determination by a state court is res judicata in federal habeas corpus the reasoning of the opinion is no longer applicable. Fay v. Noia, supra; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.