Jack Walton TAYLOR, Petitioner,

v.

OKLAHOMA COUNTY DISTRICT COURT, and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A–14012.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1966.

Jack Walton Taylor, pro se.

Curtis P. Harris, County Atty., Oklahoma County, James R. McKinney, Asst. County Atty., for respondents.

### MEMORANDUM OPINION

BUSSEY, Presiding Judge.

This is an original proceeding in which the petitioner, Jack Walton Taylor, seeks his release from confinement in the state penitentiary at McAlester, where he is presently incarcerated 'by virtue of a judgment and sentence from Oklahoma County District Court, case #30838, wherein he was charged, tried and convicted for Burglary 'After Former Convictions of Felonies.

In his petition, the sole ground upon which the petitioner urges that he was denied his constitutional rights is that he was criminally insane at the time of his arrest, and throughout the trial, and that under such circumstances, the complete proceedings in the District Court were a nullity.

In his appearance before this Court, petitioner testified that prior to committing the burglary of which he stands convicted, he was imprisoned in the Kansas State Penitentiary and that the officials of the State of Kansas determined that he was criminally insane and that his sanity was not thereafter restored. But when confronted by the State's certified copy of the Order entered by the State of Kansas restoring him to competency, the petitioner acknowledged that he was unaware of the existence of said Order, but certified to its accuracy and authenticity.

Petitioner still maintained that, notwithstanding the order of restoration, he was in fact criminally insane during the commission of the act for which he stands convicted and all subsequent proceedings, and is now in need of psychiatric treatment. The records introduced on behalf of the respondent, reflect that on application of the public defender, the petitioner was committed to Central State Hospital for psychiatric observation, and that after examination in said institution, he was certified as being sane and capable of standing trial and assisting in the preparation of his defense.

The trial court records further reflect that he interposed a defense of insanity and the trial judge thoroughly and meticulously instructed the jury on this issue.

We are of the opinion that, on the record before us, petitioner has completely failed to support the allegations contended in his petition; and for this reason alone, the writ prayed for should be denied. Moreover, we observe that the issue here

**114**

presented is one reviewable only on appeal and we have repeatedly held that:

"Habeas corpus is not a substitute for appeal, and where it appears that the trial court had jurisdiction over the person, subject matter and authority under law to pronounce sentence imposed, the writ of habeas corpus will be denied."

Wynn v. Page, Okl.Cr., 401 P.2d 534.

While not contained in his petition, the petitioner urged in oral argument before this Court that his constitutional rights were violated under the rules laid down in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1738, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, when a confession was taken from him by the authorities of the State of California without first advising him of his right to be represented by counsel, his privilege against self-incrimination, and the fact that such confession could be used in evidence against him. In support of this allegation, the petitioner testified that after his release from the state penitentiary of Kansas, he journeyed through Oklahoma, committing the burglary in Oklahoma City, and then traveled to California where he determined to turn himself in to the authorities of California for the burglary committed by him in Oklahoma. Prior to turning himself in, he telephoned the Sheriff of Oklahoma County for assurance that if contacted by the California authorities, the Sheriff would verify the details of the Oklahoma County burglary. Petitioner then proceeded to the police station where he unsuccessfully sought to confess to the Chief of Police. After waiting some time, petitioner elected to confess to one of the detectives. This confession was never reduced to writing; but immediately thereafter, he was taken before a magistrate, who in the presence of the court reporter, advised the defendant of his constitutional rights. The defendant again reiterated his confession. This confession was reduced to writing, but not signed by the defendant, and he urges that it was inadmissible against him for the reason that he did not

sign the same. It is the petitioner's position that the police should not have allowed him to confess without first having secured him the services of an attorney and advising him of his constitutional privilege against self-incrimination. The petitioner admits seven prior convictions, and acknowledges that he knew, from past experience, that the confessions or admissions made by him could be admitted in evidence against him.

We are of the opinion that the rules laid down in Escobedo v. State of Illinois and Miranda v. State of Arizona, supra, have no application in the instant case, for it clearly appears that the California authorities were unaware of the burglary in Oklahoma until the petitioner freely and voluntarily confessed to the same. We are unwilling to extend the rule laid down in the cases above cited, beyond the particular factual situation which gave rise to them.

For all of the reasons above set forth, the writ prayed for is denied. Writ denied.

NIX and BRETT, JJ., concur.