**Jack Walton TAYLOR, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.**

No. 9278.

United States Court of Appeals
Tenth Circuit.

Sept. 5, 1967.

William J. Hunsaker, Denver, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl. (G. T. Blankenship, Atty. Gen., Oklahoma City, Okl., on brief), for appellee.

Before LEWIS, HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Petitioner Taylor is a state prisoner who filed an application for a writ of habeas corpus with the United States District Court for the Eastern District of Oklahoma. The court considered the petition and by its order dated October 14, 1966, denied the petition.

On application of appellant-petitioner, the Honorable Delmas C. Hill, Circuit Judge, granted a certificate of probable cause and ordered docketing instanter, designating and assigning a counsel for appellant to prosecute the appeal in this cause.

The petition presents three issues: (1) that the prosecuting attorney confronted appellant with an unsigned statement on cross-examination. Petitioner admitted the contents of the statement and here alleges that this required him to incriminate himself; (2) that the alleged statement was tainted because it had been given before legal counsel had been appointed for him; and (3) that he was criminally insane at the time of the commission of the offense, when the confession was made, and during the course of the trial.

The first issue relating to his incrimination on cross-examination is without merit, and was not briefed or argued to the court.

The facts in this case are fully set out in Taylor v. Oklahoma County District Court, 418 P.2d 112, 114 (Okl.Cr. 1966), wherein it is reported: " * * * the petitioner testified that after his release from the state penitentiary of Kansas, he journeyed through Oklahoma, committing the burglary in Oklahoma City, and then traveled to California where he determined to turn himself in

to the authorities of California for the burglary committed by him in Oklahoma. Prior to turning himself in, he telephoned the Sheriff of Oklahoma County for assurance that if contacted by the California authorities, the Sheriff would verify the details of the Oklahoma County burglary. Petitioner then proceeded to the police station where he unsuccessfully sought to confess to the Chief of Police. After waiting some time, petitioner elected to confess to one of the detectives. This confession was never reduced to writing; but immediately thereafter, he was taken before a magistrate, who in the presence of the court reporter, advised the defendant of his constitutional rights. The defendant again reiterated his confession. This confession was reduced to writing, but not signed by the defendant * * *. It is the petitioner's position that the police should not have allowed him to confess without first having secured him the services of an attorney and advising him of his constitutional privilege against self-incrimination."

This constitutional argument is based upon Miranda and Escobedo.[1] Miranda teaches that the "court's decision is not intended to hamper the traditional function of police officers in investigating crime * * * that there is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make." Annot., 10 A.L.R.3rd 1054 (1966).

Turning to the sanity issue, the Oklahoma court reports that "[i]n his appearance before this Court, petitioner testified that prior to committing the burglary of which he stands convicted, he was imprisoned in the Kansas State Penitentiary and that the officials of the State of Kansas determined that he was criminally insane and that his sanity was not thereafter restored. But when confronted by the State's certified copy of the

Order entered by the State of Kansas restoring him to competency, the petitioner acknowledged that he was unaware of the existence of said Order, but certified to its accuracy and authenticity.

Petitioner still maintained that, notwithstanding the order of restoration, he was in fact criminally insane during the commission of the act for which he stands convicted and all subsequent proceedings, and is now in need of psychiatric treatment. The records introduced on behalf of the respondent, reflect that on application of the public defender, the petitioner was committed to Central State Hospital for psychiatric observation, and that after examination in said institution, he was certified . as being sane and capable of standing trial and assisting in the preparation of his defense.

The trial court records further reflect that he interposed a defense of insanity and the trial judge thoroughly and meticulously instructed the jury on this issue." Taylor v. Oklahoma County Dist. Court, supra, 418 P.2d at 113.

The memorandum opinion of the Oklahoma Criminal Appeals Court above quoted together with a report from the evaluating psychiatrist is part of the transcript that was available in the district court and is available for this court.

Based upon an examination of the files, records and reported decisions of the Oklahoma courts set out above, the District Court concluded that the case at bar presented nothing that required re-examination in furtherance of the proper administration of justice. Petitioner alleges in his brief attached to his petition that there are "no other facts to present to the Court of Criminal Appeals other than what has already been presented to that Court."

■■ Based upon our examination of the record, we conclude the court below did not abuse its discretion. A federal district court "may refuse to relitigate

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

the factual issues and, indeed, when the district judge concludes 'that the habeas application was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing.' Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 760 [9 L.Ed.2d 770]." Hurt v. Page, 355 F.2d 169, 170 (10th Cir. 1966).

Affirmed.