**Norman Ross FILLMORE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15332.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Norman Ross Fillmore, pro se, plaintiff in error.

Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Norman Ross Fillmore was charged with the crime of Robbery with Firearms in Oklahoma County District Court. He was tried before a jury, who sentenced the defendant to Sixty (60) Years in the penitentiary. He requested a casemade so that he might appeal his case to the Court of Criminal Appeals. Before the casemade was prepared, the court reporter who recorded the testimony died, and defendant was granted a new trial. In the case at bar, he was identified as the person who, along with a co-defendant, robbed a Humpty Dumpty Store on January 15, 1968. The co-defendant received a sentence of Ninety-Nine (99) Years in the penitentiary. Defendant was identified by four employees of the store as one of the men who was involved in the robbery. Defendant offered one witness—the co-defendant, who testified that defendant was not the person with him during the rob-

bery. The jury found the defendant guilty and sentenced him to Seventy-Five (75) Years in the penitentiary. The defendant was represented at the trial by the Public Defender, and on appeal he represented himself and evidently prepared his own briefs.

 Defendant asserts numerous assignments of error, mostly dealing with an illegal search and seizure, and even though we agree that the search and seizure was questionable, the fruits of said search and seizure were never introduced in evidence. He further contends that the pre-trial line-up rendered the identifying witnesses testimony inadmissable as it was suggestive and persuasive. However, each witness positively identified defendant as the person involved in the robbery, independent of the line-up and no mention of the line-up was made by the state until after it had been brought out by the defendant. The trial court held a hearing outside the presence of the jury to determine the validity of the line-up and instructed the district attorney not to present any evidence regarding it. We have found no merit to defendant's contention of error.

There are some inclination of courts to adopt the rationale that, in a case such as this, the court is bound by the first sentence imposed before the appeal—which in this case was 60 years; and after defendant was successful on appeal, at a new trial he was sentenced to 75 years in prison. See, United States v. Gambert, 433 F. 2d 321. Also see, State of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. The above cited cases even where defendant was successful on appeal and retrial resulted in greater punishment than that rendered on the first trial, and the Court said in substance that the greater sentence on retrial was "unconstitutional and void". However, this Court as it is now constituted, does not see fit to adopt such as the law, but instead modify said sentence to Sixty (60) Years in the interest of justice, and defendant to be given credit for the time served as a result of the case he won on appeal. Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.