Donald K. TORBETT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

A–15255.

Court of Criminal Appeals of Oklahoma.

July 7, 1971.

**358**

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Donald K. Torbett, Plaintiff in Error, hereinafter referred to as Defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. 36966, for the crime of "Operating a Motor Vehicle While Under The Influence of Intoxicating Liquor." He was found guilty by a jury which assessed his punishment at imprisonment in the County Jail for a period of six (6) months and a fine of Three Hundred ($300.00) Dollars. Defendant's Motion for New Trial was overruled and from that conviction he has perfected this appeal.

Defendant was earlier convicted for this offense, and was sentenced to a period of ten (10) days imprisonment in the County Jail and payment of a fine of Two Hundred ($200.00) Dollars, and appealed that conviction. On January 15, 1969, this Court reversed and remanded defendant's conviction for a new trial. That appeal was Case No. A–14,623 in this Court, 449 P.2d 725. This appeal is from defendant's second trial.

The Information properly charged that defendant was observed on August 6, 1967, driving his 1960 Chevrolet Motor Vehicle in an intoxicated condition. After reviewing the record of trial, we are convinced that the evidence properly supports ·the jury's verdict in finding the defendant guilty.

We have reviewed the record with reference to the eight citations of error contained in defendant's Petition in Error, and find that they are without merit. Finding no fundamental error in defendant's trial, we find no cause for reversal of this conviction.

▮▮▮ Defendant complains that his trial counsel, upon the re-trial of this case, was rebuked by the trial judge on several occasions; and asserts that such rebukes prejudiced him in the eyes of the jury. However, insofar as the record is silent as to the things complained of by defendant, this Court is not disposed to consider that such might be cause for reversal of this conviction. However, notwithstanding the language of this Court in Fillmore v. State, Okl.Cr., 483 P.2d 750 (1971), in this case the Court is disposed to follow the rule pronounced by the United States Supreme Court in the case of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656 (1969), as it pertains to the limitation of punishments upon re-trial of criminal cases, in which successful appeals have

been once taken. The United States Supreme Court held in that case that once an appeal has been successfully taken and the conviction has been remanded to the trial court for a new trial, the court should not on the second trial impose a greater punishment than was assessed at the first trial. In the instant case defendant was given a greater sentence than that which he received at his first trial; and therefore, we believe in this case the sentence imposed upon this defendant should be modified.

We are therefore of the opinion that the sentence imposed upon the defendant, Donald K. Torbett, should be modified from six (6) months imprisonment in the County Jail and a fine of Three Hundred ($300.00) Dollars, to be a sentence of ten (10) days imprisonment in the County Jail and payment of a fine of Two Hundred ($200.00) Dollars; and as modified the judgment and sentence in the District Court of Oklahoma County Case No. 36966, is affirmed.

NIX, J., concurs.