STATE of Oklahoma, Petitioner,

v.

The Honorable James B. MARTIN, Associate District Judge of the District Court, Pittsburg County, Oklahoma, Respondent.

No. A–17325.

Court of Criminal Appeals of Oklahoma.

May 17, 1972.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for petitioner, State of Oklahoma.

Stipe, Gossett, Stipe & Harper, McAlester, for Reed Story, Jr.

## MEMORANDUM OPINION

SIMMS, Judge:

This is an application for a Writ of Prohibition filed by the State of Oklahoma, seeking to prohibit the Honorable James B. Martin, Associate District Judge of Pittsburg County, Oklahoma, from granting a writ of habeas corpus pending before him in Case No. C–71–481, wherein he has stated his intention to modify a Fifteen (15) Year sentence being served by the petitioner therein, Reed Story, Jr., for the crime of Burglary First Degree, Oklahoma County District Court Case, No. 32516, to Eight (8) Years; citing as authority for this action, the case of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

With this, we cannot agree. This Court, in a very recent decision, Jerry v. State, Okl.Cr., 496 P.2d 422 (1972) stated:

"It is apparent that the United States Supreme Court in *Pearce*, supra, was attempting to prevent a judge (as distinguished from a jury in the instant case) from imposing a more severe sentence upon a defendant after a new trial absent objective information concerning the defendant's conduct occurring after the time of the original sentencing proceeding. In Fillmore v. State, supra, [Okl.Cr., 483 P.2d 750] this Court declined to expand the rule pronounced by the United States Supreme Court in *Pearce*, supra, to hold that in all cases a court could not on the second trial, impose a greater punishment than was assessed at the first trial. Notwithstanding the later case of Torbett v. State, Okl.Cr., 487 P.2d 357, we reaffirmed the holding of *Fillmore*, supra, that neither the double jeopardy provision nor the Equal Protection Clause of the Constitution imposes an absolute bar to a more severe sentence assessed by a jury upon reconviction at a second trial. *Torbett*, supra, is expressly overruled. We, therefore, find this proposition to be without merit."

A careful study of *Pearce*, supra, reveals that the restrictions, as relates to increased sentence on retrial after appeal, governs only sentences by judges, and not sentences imposed by juries.

It is the further opinion of this Court, that under the authority of Hurt v. Lackey, Okl.Cr., 372 P.2d 50 (1962), the Associate District Judge of Pittsburg County lacks authority and jurisdiction to modify a sentence imposed in the District Court of Oklahoma County, Oklahoma.

It is, therefore, the order of this court that the Respondent, Honorable James B. Martin, Associate District Judge of Pittsburg County, Oklahoma, is hereby pro-

hibited from granting relief by habeas corpus in Case No. C–71–481, for the reasons and authority of law stated above.

The Writ of Prohibition is granted.

BUSSEY, P. J., concurs.